IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE BRIDGES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE COCA-COLA COMPANY and ENERGY BRANDS INC. d/b/a GLACEAU, <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 4:13-cv-00644-SOW ) ) ) ) ) ) ) |

## JOINT PROPOSED SCHEDULING ORDER/DISCOVERY PLAN

Pursuant to this Court's July 1, 2013 Order (Doc. #6), counsel for the parties (including Christopher Shank, S.J. Moore, and Dane Martin on behalf of Plaintiff, and James Eiszner and Zach Chaffee-McClure on behalf of Defendants) participated in a telephonic Rule 26(f) conference on July 29, 2013. Despite the parties' good-faith efforts to come to an agreement, Plaintiff and Defendants have been unable to agree on how discovery should proceed. The parties now submit the following Joint Proposed Scheduling Order/Discovery Plan, which outlines the parties' views, for the Court's consideration:

### I. Introduction

This case involves a putative consumer class action alleging that Defendants falsely and deceptively marketed "vitaminwater" as a "water beverage" that is "healthy," despite containing large amounts of sugar per bottle. Plaintiff asserts claims for violation of the Missouri Merchandising Practices Act ("MMPA") and unjust enrichment and seeks to represent a state-wide class of all persons who purchased vitaminwater within the State of Missouri from May 2008 to the present. This case is similar to six other putative class actions that assert claims that

5819710 v1

vitaminwater labeling and marketing materials (including labeling and marketing materials challenged by the Plaintiff here) violate state consumer protection laws, which claims are asserted on behalf of consumers in New York, California, Florida, Ohio, Illinois, and the Virgin Islands. Until recently, the six similar cases were consolidated into a multi-district proceeding in the U.S. District Court for the Eastern District of New York titled *In re Glaceau Vitaminwater Marketing and Sales Practices Litigation (No. II)*, Case No. 11-md-2215. After completion of discovery related to class certification, the Judicial Panel on Multidistrict Litigation ("JPML") remanded four of the transferred cases to their transferor jurisdictions. *See* Conditional Remand Order, Case No. 11-md-2215 (JPML July 22, 2013). The cases are now proceeding independently in the transferor courts for a determination on class certification and merits discovery.

## II.   Plaintiff's Perspective

The parties disagree on certain fundamental scheduling issues in this case. Plaintiff believes that discovery should proceed on a normal schedule pursuant to the Local Rules and the Federal Rules of Civil Procedure. *See* Local Rule 26.1(b) (providing that "discovery shall commence after the meeting of the parties"). The schedule proposed by Plaintiff would place this case in a consistent position with the six similar cases that are pending throughout the country, all of which are set to commence full discovery after a decision on class certification. *See*, *e.g.*, Report and Recommendation, *Ackerman* v. *Coca-Cola Company*, No. 09-cv-395-DLI (E.D.N.Y. July 18, 2013), ECF No. 143 (recommendation by U.S. Magistrate Judge Robert M. Levy for certification of classes of New York and California consumers for injunctive relief, but for denial of class certification for claims of damages under New York and California law).

Defendants, on the other hand, believe that discovery should proceed on a bifurcated schedule (with class-based discovery completed first and merits discovery to follow later). Although bifurcation may be warranted in some circumstances, Defendants' current request for bifurcation will only lead to unnecessary motion practice, an unduly long discovery period, and added expense, contrary to the objectives of the Local Rules. *See* Local Rule 16.1(a) ("Counsel are responsible for completing discovery in the shortest time reasonably possible with the least expense and without the necessity of judicial intervention."). As stated by the U.S. District Court for the District of Columbia:

> Bifurcated discovery fails to promote judicial economy when it requires 'ongoing supervision of discovery.' If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery. . . . [T]he continued need for supervision and the increased number of disputes would further delay the case proceeding. Such prevention of the 'expeditious resolution of the lawsuit' would prejudice plaintiffs.

*In re Rail Freight Fuel Surcharge Anti-Trust Litig.*, 258 F.R.D. 167, 174 (D.C. 2009) (internal citations and quotations omitted); *see also* 3 *Newberg on Class Actions* § 9:44 (4th ed. 2006). Bifurcation of discovery ignores the status of the six similar cases, and Judge Levy's recommendation in *Ackerman* for certification of New York and California classes for injunctive relief undercuts Defendants' suggestion below that a class may not be certified under the more liberal MMPA.

Plaintiff also believes that a 10-month discovery period is appropriate. This case will benefit not only from the significant amount of discovery that has already been conducted in similar pending cases, but also from the state-specific nature of the claims. Accordingly, Plaintiff does not believe that Defendants' open-ended discovery schedule and 27-month schedule to trial represents the "shortest time reasonably possible" to complete discovery.

-3-
5819710 v1
Case 4:13-cv-00644-SOW   Document 13   Filed 08/14/13   Page 3 of 14

Plaintiff's proposed 10-month discovery schedule and 12 month schedule to trial represents an aggressive, yet reasonable timeline for resolving this controversy.

The Plaintiff's proposed schedule is detailed below. Plaintiff has also provided a summary of her scheduling proposal in Exhibit A.

### Proposed Scheduling Order/Discovery Plan

1. Local Rule 16.1(f)(1) – Joinder of Parties: **December 31, 2013 (Parties agree)**

2. Local Rule 16.1(f)(2) – Motions to Amend Pleadings: **December 31, 2013 (Parties agree)**

3. Local Rule 16.1(f)(3) – Motion Deadlines –

    Motion for Class Certification: **January 17, 2014**, with a Response deadline of 21 days after filing of the Motion and a Reply deadline of 21 days after filing of the Response.

    Discovery Motions: **May 30, 2014**

    Dispositive Motions: **June 30, 2014**

4. Local Rule 16.1(f)(4) – Proposed Discovery Plan –

    Expert Designations:

    > Plaintiff will designate any expert witness on or before **February 17, 2014**, and Defendant will designate any expert witness on or before **March 17, 2014**. Plaintiff will designate any rebuttal expert witness on or before **April 21, 2014**.

    Discovery Deadline: **May 30, 2014**

    > Plaintiff's counsel believe that a 10-month discovery period is necessary and appropriate in this case given the breadth of the factual issues (including investigation of Defendants' comprehensive marketing campaign), the depth and complexity of expert involvement, and the dispersed locations of key witnesses and documents.

-4-

Local Rule 26.1(c)(2) – Discovery Summary:

No discovery has been conducted to date.

Plaintiff needs discovery on the following subjects: (a) the extent and nature of Defendants' marketing of vitaminwater in the State of Missouri; (b) sales and distribution information for vitaminwater in the State of Missouri; (c) marketing studies and consumer research conducted by Defendant concerning the marketing of vitaminwater; and (d) the damages to consumers from purchasing vitaminwater.

The Plaintiff intends to obtain information on these topics through use of interrogatories, document requests, requests for admission, depositions and third-party subpoenas.

Local Rule 26.1(c)(3) – Initial Disclosures Deadline: Initial disclosures have already been served by both parties.

Local Rule 26.1(c)(4) – Changes to Discovery Limitations:

Plaintiff's counsel believes that, due to the complexity and scope of issues in the case, both parties should be permitted 25 additional interrogatories beyond the amount provided in Rule 33(a) of the Federal Rules of Civil Procedure. Plaintiff's counsel also requests up to 12 party depositions and 6 non-party depositions.

5. Local Rule 16.1(f)(5) – Estimated Length of Trial: **8-10 days (Parties agree)**

6. Local Rule 16.1(f)(6) – Proposed Trial Date: **December 2014**

7. Local Rule 16.1(f)(7) – Protective Order –

At this time, Plaintiff does not anticipate requesting a protective order in this case.

## III. Defendants' Perspective

Plaintiff advocates making this case, filed in 2013, an outlier among the other, similar vitaminwater cases. Plaintiff's justifications for that plan rely on three key premises about the status of the other cases, and all three are incorrect. In reality:

- This Court need not address the likelihood of class certification to set a schedule.

- The other vitaminwater cases have been on file for years.

- Despite this, the other cases have <u>not</u> proceeded to merits discovery.

First, and most importantly, merits discovery has not commenced in any of the other vitaminwater cases. The other cases were bifurcated in the MDL, and bifurcation of class and merits discovery here is also needed, both for an orderly progression of this litigation and for coordination of otherwise duplicative efforts in the related cases. After careful consideration, the court presiding over the MDL cases prior to remand felt that bifurcated discovery (which it called "staged discovery") would help the parties focus on the key class certification issues in the cases, facilitating settlement discussions and potentially avoiding the expense of merits discovery. See MDL Remand Order at 4 (noting parties "agreed to a case management order and proceeded to engage in extensive discovery related to class certification."); Minute Order, *Ackerman* v. *Coca-Cola Company*, No. 09-cv-395-DLI (E.D.N.Y. Feb. 17, 2011) (denying motion to compel draft marketing materials because they "are not relevant to class certification"). Indeed, resolution of the class certification issues was deemed so important to the MDL court that it ordered remand of several cases prior to completion of all pretrial proceedings so that the class certification issues could be decided by the remand courts prior to completion of discovery. Remand Order at 22. As a result, merits discovery has yet to commence in any of the related cases. In fact, at least one of the plaintiffs in the remanded cases has stipulated that no merits discovery should commence until after class certification is decided. Joint Status Report (Dkt. No.36), *Khaleel v. The Coca-Cola Company, et al.*, No. 1:11-cv-00471 (N.D. Ill. Aug. 13, 2013). Plaintiff's argument against bifurcation is premised on merits discovery proceeding in the related cases at the same time, and the failure of that premise actually *supports* bifurcating discovery here.

Second, this Court need not address the likelihood of class certification to set a schedule. Plaintiff opposes bifurcation based in part on the likelihood of class certification being granted, pointing to the Magistrate Judge's recommendation and report on class certification issues in the MDL cases. *See* Report and Recommendation (Dkt. No. 143), *Ackerman v. Coca-Cola Company*, No. 09-cv-396-DLI (E.D.N.Y. July 18, 2013). This attempt to mix the merits of Plaintiff's yet-unfiled class certification motion with what should be objective scheduling matters is grasping. But even setting that aside, Plaintiff's argument is undercut by the fact that the MDL Magistrate Judge recommended that ***no damages classes be certified***, recommending certification of classes for injunctive relief only. *Id.* While Defendants in the MDL objected to the recommendation concerning injunctive relief (*Ackerman*, Dkt. No. 145), plaintiffs there conceded the impropriety of a damages class by not objecting to the Magistrate Judge's recommendation and report. Plaintiff's observation that the MMPA is "more liberal," and therefore somehow more likely to support class certification, should not dictate how this case is scheduled.

While Defendants stand by their objections to the MDL Magistrate Judge's recommendation and report and believe they would apply equally here, the Court obviously need not reach the merits of class certification in order to recognize that the issue of class certification – however decided – could be an important development toward the resolution of this case. In other words, irrespective of *how* this Court decides class certification, bifurcating discovery will be more efficient. Because a decision on class certification often disposes of a putative class action, *see Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) (noting denial of class certification can lead to voluntary dismissal, while grant of certification can create pressure to settle), and because bifurcating discovery into class and merits phases "can increase

-7-
5819710 v1
Case 4:13-cv-00644-SOW   Document 13   Filed 08/14/13   Page 7 of 14

efficiency" in a class action, *see In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F. 3d 604, 613 (8th Cir. 2011); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *1, *4 (W.D. Mo. March 28, 2011) (noting bifurcated class and merits discovery and referencing September 23, 2010 order (Docket No. 38) requiring bifurcation to permit court "better to manage its docket."), defendants believe that a bifurcated schedule makes sense and provides the Court with a way to resolve the significant issue of class certification in a coordinated, timely, and efficient matter.

Third, the other vitaminwater cases have been on file for years, and this case can proceed most efficiently by staying in step with the others. This case was filed only recently, and if the Court does not bifurcate discovery, then this case will proceed much more quickly than the older, related cases, without the benefit of any guidance from those cases. And Plaintiff's concerns about extra motion practice are overblown – it is likely that the resolution of the few discovery disputes in the MDL court (*see id.* at 4), would serve as a guidepost for the parties in this case,[1] and delays are unlikely because much of the class discovery the Plaintiff seeks here will likely already have been produced in the MDL cases.

Apart from bifurcation, Defendants also disagree with Plaintiff as to the appropriate length of discovery. Plaintiff proposes that discovery should be completed by May 30, 2014. Defendants propose a discovery cut-off that is 220 days after this Court rules on class certification with an anticipated trial date of September 14, 2015. Defendants believe that Plaintiff's proposal to complete all class certification and merits discovery in ten months is unrealistic for a class action. The first of the cases in the MDL has been ongoing since January

---

[1] Under bifurcation proposed here, discovery that goes only to the merits of plaintiff's claims should be deferred until merits discovery. Consistent with their position in the MDL, defendants would respond in the class discovery period here to a discovery request to the extent that it is relevant to class issues or is relevant to both merits issues and class certification issues.

2009 (59 months), during which time the discovery has focused on class certification. Defendants' proposal, which would still result in a trial date that is only 27 months after this action was filed, is aggressive but more practical, avoiding unrealistic deadlines and unnecessary applications to extend those deadlines. The proposal also gives scheduling flexibility for fact and expert witnesses who may need to deal with the demands of six related class actions in six separate jurisdictions and provides adequate time for resolution of the issue of class certification in the MDL case, a resolution that may be persuasive to this Court in deciding class certification here.

The Defendants' proposed schedule is detailed below.

### Proposed Scheduling Order/Discovery Plan

1. Local Rule 16.1(f)(1) – Joinder of Parties: **December 31, 2013 (Parties agree)**

2. Local Rule 16.1(f)(2) – Motions to Amend Pleadings: **December 31, 2013 (Parties agree)**

3. Local Rule 16.1(f)(3) – Motion Deadlines –

    **Motion for Class Certification:** Defendants believe that Plaintiff's schedule is unrealistic because it ignores the importance of experts to the class certification analysis. (Plaintiff's class certification brief would be due before expert disclosures are due). That schedule is also unfair because it provides Plaintiff months to secure experts, while Defendants receive only 21 days to procure experts and respond to the class certification motion. Moreover, Plaintiff would have as much time to prepare a reply as Defendants have to prepare their opposition to class certification. Further, Plaintiff's proposed date for completion of class discovery may not permit enough time for this Court to have the benefit of the district court's ruling on class certification in the MDL case. Accordingly, Defendants propose the following schedule:

    | | |
    |---|---|
    | Deadline for Plaintiff's Class Expert Reports: | **January 7, 2014** |
    | Deadline for Defendant's Class Expert Reports: | **February 17, 2014** |
    | Deadline for Plaintiff's Reply Class Expert Reports: | **March 3, 2014** |

| | |
|---|---|
| Cut-off for Class Expert Discovery: | **April 1. 2014** |
| Plaintiff's Class Certification Motion Due: | **April 1, 2014** |
| Defendants' Class Certification Opposition Due: | **May 1, 2014** |
| Plaintiff's Class Certification Reply Due: | **May 26, 2014**[2] |

**Discovery Motions:** 190 days after ruling issues on class motion

**Dispositive Motions:** 220 days after ruling on class motion

4. Local Rule 16.1(f)(4) – Proposed Discovery Plan –

Expert Designations:

Plaintiff will serve her expert reports on class issues on **January 7, 2014**, Defendants will serve their class expert reports on **February 17, 2014**, and Plaintiff will serve any rebuttal expert reports on class issues by **March 3, 2014**, with a deadline for completing expert discovery of **April 1, 2014.**

Plaintiff will serve her expert reports on merits issues **110 days after a ruling issues on class certification**, with Defendants serving their expert reports on merits issues **30 days later,** and Plaintiff serving any rebuttal expert reports on merits issues **20 days after receiving Defendants' merits expert reports.** Discovery on expert issues will close **30 days after rebuttal expert reports on merits issues are supplied.**

Discovery Deadline: **190 days after ruling on class motion.**

(For reasons previously expressed, Defendants believe that this case will proceed in an orderly manner only if discovery is bifurcated so that class issues can be resolved early and efficiently. Defendants believe that a 10-month discovery period is unrealistic, given that this is a class action with five other similar class actions pending at the same time (causing fact and expert witnesses to have many scheduling problems). Defendants believe that their proposal will minimize motion practice relating to scheduling issues, while still permitting this case to be ready for trial in only slightly over two years after commencement).

Local Rule 26.1(c)(2) – Discovery Summary:

No discovery has been conducted to date.

---

[2] For the Court's convenience, Defendants set forth their entire scheduling proposal as Exhibit B.

> Defendants need discovery on the following subjects: (a) Plaintiff's purchase history and motivations for purchasing vitaminwater and other consumer products; (b) Plaintiff's background and adequacy as a potential class representative; (c) purchasing practices of Plaintiff and consumers generally; (d) consumer interpretation of vitaminwater marketing and labeling materials; and (e) the injuries, or lack thereof, which Plaintiff and consumers in Missouri have allegedly suffered.
>
> The Defendants intend to obtain information on these topics through use of interrogatories, document requests, requests for admission, depositions and third-party subpoenas.

Local Rule 26.1(c)(3) – Initial Disclosures Deadline: Initial disclosures have already been served by both parties.

Local Rule 26.1(c)(4) – Changes to Discovery Limitations:

> Defendants believe that the presumptive limitations on the number of interrogatories and depositions should apply. Any requests for exceeding these limitations should be deferred until circumstances justify them. Especially if discovery in this action is coordinated with discovery in the five other similar actions, Defendants believe that any request for an extension of the presumptive discovery limitations will be unlikely.

5. Local Rule 16.1(f)(5) – Estimated Length of Trial: **8-10 days (Parties agree)**

6. Local Rule 16.1(f)(6) – Proposed Trial Date: **September 14, 2015**

7. Local Rule 16.1(f)(7) – Protective Order –

> Defendants anticipate requesting a protective order in this case, and will follow the procedure for doing so as outlined in this Rule.

Respectfully submitted,

SHANK & HAMILTON, P.C.


By: *s/ Christopher S. Shank*
 Christopher S. Shank, MO Bar #28760
 David L. Heinemann, MO Bar #37622
 Stephen J. Moore, #KS-000827
 Dane C. Martin, MO Bar #63997
 2345 Grand Blvd., Suite 1600
 Kansas City, Missouri 64108
 Telephone: 816.471.0909
 Facsimile: 816.471.3888
 chriss@shankhamilton.com
 davidh@shankhamilton.com
 sjm@shankhamilton.com
 danem@shankhamilton.com

*Attorneys for Plaintiff Stephanie Bridges*

and

SHOOK, HARDY & BACON LLP


By: *s/ James R. Eiszner*
 James R. Eiszner, #49074
 2555 Grand Boulevard
 Kansas City, MO 64108
 Telephone: 816-474-6550
 Facsimile: 816-421-5547
 jeiszner@shb.com

 Tammy B. Webb, #48161
 One Montgomery, Suite 2700
 San Francisco, CA 94104
 Telephone: 415-544-1900
 Facsimile: 415-391-0281
 tbwebb@shb.com

*Attorneys for Defendants The Coca-Cola Company and Energy Brands Inc.*

# EXHIBIT A

PLAINTIFF'S PROPOSED SCHEDULE

| | |
|---|---|
| Deadline for Initial Disclosures | August 13, 2013 |
| Deadline for Joinder/Amendment | December 31, 2013 |
| Plaintiff's Motion for Class Certification | January 17, 2014 |
| Defendants' Opposition to Class Certification | 21 days after Motion for Class Cert. |
| Plaintiff's Reply on Class Certification | 21 days after Opposition to Class Cert. |
| Plaintiff's Expert Designations | February 17, 2014 |
| Defendants' Expert Designations | March 17, 2014 |
| Plaintiff's Rebuttal Expert Designations | April 21, 2014 |
| Close of Discovery | May 30, 2014 |
| Discovery Motions Deadline | May 30, 2014 |
| Dispositive Motions Deadline | June 30, 2014 |
| Trial Date | December 2014 |

5819710 v1
Case 4:13-cv-00644-SOW   Document 13   Filed 08/14/13   Page 13 of 14

# EXHIBIT B

## DEFENDANTS' PROPOSED SCHEDULE

| | |
|---|---|
| Deadline for Initial Disclosures | August 9, 2013 |
| Deadline for Joinder/Amendment | December 31, 2013 |
| Close of Class Fact Discovery | December 31, 2013 |
| Plaintiff's Class Expert Reports due | January 7, 2014 |
| Defendants' Class Expert Reports due | February 17, 2014 |
| Plaintiff's Class Rebuttal Experts Due | March 3, 2014 |
| Close of Expert Discovery on Class Issues | April 1, 2014 |
| Plaintiff Motion for Class Certification due | April 1, 2014 |
| Defendants' Opposition to Class due | May 1, 2014 |
| Plaintiff Reply on class due | May 26, 2014 |
| Merits Discovery Commences | Upon court's class certification ruling (Date "X") |
| Merits Fact Discovery Ends | 90 days after X |
| Plaintiff's Expert Reports | 110 days after X |
| Defendants' Expert Reports | 140 days after X |
| Plaintiff's Rebuttal Expert Reports | 160 days after X |
| Close of Expert Discovery | 190 days after X |
| Dispositive Motion Deadline | 220 days after X |
| Trial Date | September 14, 2015 |

5819710 v1