IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE BRIDGES on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE COCA-COLA COMPANY, et al., )<br><br>Defendants. ) | Case No.: 13-00644-CV-W-SOW |

**PROTECTIVE ORDER**

Upon stipulation of the parties, and it appearing to the Court that there is good cause to enter an appropriate Protective Order to protect confidential, trade secret and other non-public information and materials which may be made available in the course of discovery in this case; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the following principles and procedures designed to assure the protection of confidential, trade secret and other non-public information shall govern any and all discovery among the parties:

**CONFIDENTIAL INFORMATION**

1. <u>Defined</u>. "Confidential Information" shall include any materials that contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature, or that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). "Highly Confidential Information" is extremely sensitive Confidential Information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2. <u>Disclosure Limits on "Confidential Information"</u>. Confidential Information designated pursuant to this Order may be disclosed or made available only to:

    a) the Court, Court personnel, and Court reporters

    b) members of any jury empanelled in this case,

    c) counsel (including administrative, paralegal, clerical, and secretarial staff employed by such counsel) to a party in this action, and

    d) the "qualified persons" designated below:

        1) experts or consultants, who require the Confidential Information in order to render opinions relevant to this lawsuit, (together with their administrative staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

        2) litigation support services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or its counsel for the purpose of assisting that party in this action;

        3) a witness at any deposition in the above-referenced matter;

        4) any other person as to whom the parties in writing agree; and

        5) any named plaintiffs in this case, Case No. 13-00644-CV-W-SOW.

3. <u>Disclosure Limits on "Highly Confidential Information"</u>. Notwithstanding the foregoing, Highly Confidential Information designated pursuant to this Order may be disclosed or made available only to:

    a) the Court, Court personnel, and Court reporters;

    b) members of any jury empanelled in this case;

c) counsel (including administrative, paralegal, clerical, and secretarial staff employed by such counsel) to a party in this action, and

d) the "qualified persons" designated below:

1) experts or consultants, who require the Highly Confidential Information in order to render opinions relevant to this lawsuit, (together with their administrative staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

2) litigation support services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or its counsel for the purpose of assisting that party in this action;

3) a witness at any deposition in the above-referenced matter provided, however, if the witness is not a party to this action, is not a current or former employee of any defendant in this lawsuit, is not an expert retained by any party (i.e., a third-party witness), and if the third-party witness did not create, generate or receive the Highly Confidential Information, then before the third-party witness may be shown the Highly Confidential Information at a deposition, the third-party witness must sign a statement agreeing to abide by the terms of this order, in the form set forth in Attachment A. Any witness who is a former employee shall not be allowed to retain any copies of his deposition exhibits containing Highly Confidential Information; and

4) any other person as to whom the parties in writing agree.

3

## DESIGNATION OF CONFIDENTIAL INFORMATION

4. <u>Form for Confidentiality Designation</u>.  Confidential documents shall be so designated by the party producing the confidential documents (the "producing party") by marking copies of such documents produced with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must appear on each page of any multi-page image that the producing party contends contains confidential information. Marking the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multi-page image is not sufficient to designate all pages of the image as Confidential or Highly Confidential.

5. <u>Time for Designation of Confidentiality</u>.  Documents shall be designated Confidential or Highly Confidential at the time of production; provided that in the event that a producing party inadvertently fails to designate any confidential information as "Confidential" or "Highly Confidential" at the time of production, the producing party shall provide the material again, this time designating the material as "Confidential" or "Highly Confidential" as soon as practicable. Upon receipt of the written notice designating previously produced documents as "Confidential" or "Highly Confidential," the receiving party shall make a good faith effort to return or destroy all copies of the confidential information identified in the written notice not so designated.

6. <u>Objections to Designations - Meet and Confer Obligations</u>.  As soon as practicable following the designation of Confidential Information, any objections to such designation must be submitted in writing to the producing party and must state with specificity the basis for the objection. The parties shall thereupon meet and confer in a good faith effort to resolve the objection. If the parties are unable to resolve the objection, the party contesting a

4

confidential designation may contest the designation with the Court. In any such proceeding, the producing party bears the burden of proof with respect to whether its designation of confidential information was proper. If no such motion is filed, the information shall be treated as Confidential or Highly Confidential as appropriate. Material or information claimed to be Confidential or Highly Confidential that is subject to an objection or a dispute as to whether it is in fact Confidential Information or Highly Confidential Information shall, until further order of the Court, be treated as Confidential or Highly Confidential as designated in accordance with the provisions of this Order notwithstanding the existence of such dispute or objection.

7. <u>Other Exceptions to the Order</u>. This Order shall be without prejudice to the right of the parties to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The party desiring to maintain confidentiality shall have the burden of establishing grounds for confidential treatment. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8. <u>Confidential Deposition Testimony</u>. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential or Highly Confidential either by (i) making a statement on the record at the deposition or other proceeding identifying the specific testimony that is being designated as Confidential or Highly Confidential, or (ii) designating such testimony as Confidential or Highly Confidential in writing within 20 days of receipt of the transcript. In order to permit time for such designation, in the absence of other agreement, all deposition testimony shall be treated as "Highly Confidential" for twenty (20) days from the date of receipt of the transcript from the court reporter. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript

containing information designated as Confidential or Highly Confidential, and to label such portions appropriately.

9. <u>Effect of Designations</u>. Material designated as Confidential or Highly Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential or Highly Confidential shall be used only for purposes of the prosecution, defense, or settlement of this action, and for no other purposes and shall only be disclosed in accordance with this Order.

## NONDISCLOSURE AGREEMENTS

10. <u>Verifications</u>. Before any Confidential Information or Highly Confidential Information from a producing party is shown to a receiving party or to any "qualified person" within paragraphs 2(d)(1), 2(d)(4), 2(d)(5), 3(d)(1), or 3(d)(4), such receiving party or "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A.

11. <u>Retention of Verifications</u>. Counsel for Plaintiff and Counsel for Defendants will retain executed copies of Attachment A until the conclusion of the litigation. Absent agreement of all parties or a showing of good cause made to this Court, the parties shall not be required to exchange executed copies of Attachment A.

## GENERAL PROVISIONS

12. <u>Additional Permissible Disclosures</u>. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained lawfully by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Highly Confidential Information

as it deems appropriate. Further, nothing herein shall limit the use of Confidential Information or Highly Confidential Information with (a) any person who authored and/or was a recipient (as evidenced by a document or by testimony in discovery) of the particular Confidential Information or Highly Confidential Information sought to be disclosed to that person, and (b) the producing party's present or former officers or employees reasonably believed to have authored, seen, reviewed, or been responsible for the particular Confidential Information or Highly Confidential Information sought to be disclosed to that person.

13. <u>Filing Under Seal</u>. If a party wishes to use any Confidential Information or Highly Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in this Court or oral argument presented to this Court in this litigation, the party shall apply to have such papers or transcript filed under seal upon separate, specific motion.

14. <u>Confidentiality Maintained If Used</u>. In the event that any Confidential Information or Highly Confidential Information is used in this action, it shall not lose its confidential status through such use except as provided in paragraph 16, and the party using the Confidential Information or Highly Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

15. <u>Inadvertent Disclosure</u>. Pursuant to Federal Rule of Evidence 502, if documents or information subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, production of which should not be made to any party, is inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which any party producing the documents or information would otherwise be entitled, provided that the party producing the documents promptly takes

7

Case 4:13-cv-00644-SOW   Document 18   Filed 12/06/13   Page 7 of 11

reasonable steps to rectify the inadvertent production once discovered. Any such inadvertently produced materials shall be returned promptly to the party producing the documents or information upon request and all copies destroyed upon request, and no use thereof shall be made by the party or parties to whom such documents or information were inadvertently produced. Notwithstanding the foregoing, nothing in this paragraph precludes the receiving party from using purportedly inadvertently produced documents to challenge the producing party's claim of attorney-client privilege, work product immunity, or any other privilege or immunity.

16. <u>Use at Trial</u>. Absent further order of the Court with respect to treatment of Confidential Information and Highly Confidential Information at trial, this Protective Order shall not apply to any document or information once it is introduced at trial and made a part of the trial record in this case. Nothing contained herein shall prevent a party from utilizing at a trial of this case the Confidential Information or Highly Confidential Information of another party to the trial or a producing third party. Any party who seeks to use the confidential information of a third party at trial is to notify the third party within 10 days of listing the third party's confidential documents as a trial exhibit that the document has been designated as a trial exhibit and to notify the third party within 48 hours of designating confidential deposition testimony of a third party for use at trial that the confidential testimony has been so designated. If any party to the trial or producing third party wishes special treatment of Confidential Information or Highly Confidential Information at trial, the same shall be sought through separate application to the Court, and nothing in this Protective Order is intended either to support or to undermine such an application.

17. <u>Purpose of Order</u>. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the

Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18. <u>Termination of Case</u>. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential or Highly Confidential and all copies of same, or shall certify the destruction thereof.

19. <u>Authority to Bind Counsel</u>. The signatories to this Stipulated Protective Order have full binding authority to enter into this Stipulated Protective Order on behalf of all other counsel for Plaintiff and Defendants. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made.

20. <u>Application to Third Parties</u>. Third parties may invoke the terms of the protective order by marking documents containing confidential information that they produce as "Confidential" or "Highly Confidential" in accordance with paragraphs 3, 4, and 5 and by identifying and designating specific deposition testimony that contains confidential information as "Confidential" or "Highly Confidential" pursuant to paragraph 8.

21. <u>Third-Party Subpoenas and Document Requests</u>. If any person or entity possessing Confidential Information or Highly Confidential Information produced in this case is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Information or Highly

Confidential Information produced in this case, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the producing party, and shall, to the extent permitted by law, court rule, and court order, (1) withhold production of the requested Confidential Information or Highly Confidential Information until the producing party permits production, or until a court of competent jurisdiction orders otherwise and (2) provide the producing party a copy of the subpoena or document demand.

22. <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction as necessary to enforce the terms of this Order.

<u>/s/ Scott O. Wright</u><br>
SCOTT O. WRIGHT<br>
Senior United States District Judge

DATED: <u>December 6, 2013</u>

Attachment A

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have been provided a copy of the Stipulated Protective Order entered in the case of *Bridges v. The Coca-Cola Company*, Case No. 13-00644-CV-W-SOW, proceeding in the United States District Court for the Western District of Missouri, and that I have read and am fully familiar with the terms of said Stipulated Protective Order. I understand and agree that all discovery materials and information designated as "Confidential" or "Highly Confidential" which are produced in this action, and the information contained therein, are to be used only for the purposes of this litigation, and are not to be disclosed to anyone other than as provided in the Order. I agree to comply with and be bound by all of the terms and conditions of the Stipulated Protective Order unless and until the same may be modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing the Stipulated Protective Order.


Dated:_____


_____

Name: